UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUSAN ELLEN; RUTMAN; BERNARD ALLEN; HERRICK JR., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID S. EDWARDS, *et al.*, <br><br> Defendants. | NO. CV-00-0269-RHW <br><br> **ORDER GRANTING DEFENDANTS' MOTIONS TO VACATE STAY AND TO DISMISS** |

Before the Court are Defendants' Motion to Vacate Stay of Proceedings (Ct. Rec. 44) and Motion to Dismiss (Ct. Rec. 48). The motions were noted for oral argument for July 14, 2005. Pursuant to LR 7.1(h)(3), the Court has determined that oral argument is not warranted.

Plaintiffs initiated this action in July 31, 2000 (Ct. Rec. 1). On March 3, 2001, the Court entered an order staying all actions in this matter due to the fact that Plaintiffs had appealed a number of pretrial rulings to the Ninth Circuit (Ct. Rec. 40). The Court directed Plaintiffs to notify the Court when the Ninth Circuit reached a determination on the appeals. On January 1, 2002, Plaintiffs filed a Motion to Vacate Stay of Proceedings and asked that the pretrial conference be reinstated. The Court denied the motion with leave to renew upon notice by Plaintiffs that the Ninth Circuit had reached a determination on the appeals (Ct. Rec. 43).

According to Defendants, there are no proceedings pending before the Ninth Circuit Court of Appeals. Indeed, it appears that the Ninth Circuit dismissed Plaintiffs' appeal on March 21, 2001 (Ct. Rec. 46-2).

**ORDER GRANTING DEFENDANTS' MOTIONS TO VACATE STAY AND TO DISMISS** ~ 1

Defendants also ask the Court to dismiss Plaintiffs' claims for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). Plaintiff did not file any responsive pleadings and did not comply with the Court's request to notify it upon the Ninth Circuit ruling on their appeal.

In determining whether to dismiss a claim for failure to prosecute, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). None of these factors support a finding that this case should not be dismissed for lack of prosecution.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion to Lift Stay (Ct. Rec. 44) is **GRANTED**.
2. Defendants' Motion to Dismiss (Ct. Rec. 48) is **GRANTED**.
3. Oral argument scheduled for July 14, 2005 is **STRICKEN**.
4. The above-captioned case is **DISMISSED**, with prejudice.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and to furnish copies to Plaintiffs and counsel.

**DATED** this 8th day of July, 2005.

s/ ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2000\rutman.dismiss2.order.wpd

**ORDER GRANTING DEFENDANTS' MOTIONS TO VACATE STAY AND TO DISMISS ~ 2**